UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DORIAN TREVOR SYKES,
#31185-039,

    Plaintiff,                                      Civil Action No. 21-CV-10514

vs.                                                 HON. BERNARD A. FRIEDMAN

GOULD, et al.,

    Defendants.

_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION
## TO VOLUNTARILY DISMISS THE COMPLAINT WITH PREJUDICE

This matter is presently before the Court on plaintiff's motion "to withdraw and dismiss" his complaint with prejudice (ECF No. 29). Defendants have filed a response. Plaintiff has not filed a reply, and the deadline for doing so has expired. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

This is a prisoner § 1983 case in which plaintiff alleges that defendants retaliated against him for filing a prior lawsuit against them. Plaintiff now seeks to voluntarily dismiss his complaint, with prejudice, on the grounds that "his claims are not likely to succeed." Pl.'s Mot. at 1. In their response to this motion, defendants indicate that they do not object to the dismissal of the complaint with prejudice, but they ask that the dismissal "be conditioned upon a finding that the lawsuit was frivolous." Defs.' Resp. Br. at 10. Defendants argue that plaintiff's claims are demonstrably false. They request the frivolousness finding so that plaintiff may not file any further lawsuits in forma pauperis ("IFP"). Defendants note that two of plaintiff's previous lawsuits, filed

in district courts in Louisiana and Florida, have been dismissed as frivolous,[1] and that if the instant case were to be dismissed on this basis, then plaintiff would have "three strikes" against him and he would be ineligible for IFP status in the future. *See* 28 U.S.C. § 1915(g).[2]

Voluntary dismissals are governed by Fed. R. Civ. P. 41(a)(2), which states that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." As another judge of this Court recently explained,

> [a] court's primary consideration in assessing a request under Rule 41(a)(2) is to protect the nonmoving party from unfair treatment. *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). That protection is needed when the nonmovant will suffer "some plain legal prejudice other than the mere prospect of a second lawsuit." *Id*. In assessing whether "plain legal prejudice" is apt to occur, a court considers the following factors: (1) the amount of time, effort, and expense that the defendant has incurred in trial preparation; (2) any "excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action"; (3) the sufficiency of the plaintiff's explanation for the need to dismiss; and (4) whether a defendant has filed a motion for summary judgment. *Id*. (citations omitted). These factors are merely a guide, and the plaintiff need not prevail on all of them; nor is the district court required to make any findings on the sufficiency of the plaintiff's explanation for dismissal. *Rosenthal v.*

---

[1] *See Sykes v. Fed. Bureau of Prisons*, No. 5:09-cv-389 (M.D. Fla. Dec. 1, 2009) (order of dismissal stating that the complaint was dismissed "for abuse of the judicial process" and that the dismissal "counts as a strike pursuant to 28 U.S.C. § 1915(g)"); and *Sykes v. Fed. Bureau of Prisons*, No. 1:07-cv-01004 (W.D. La. Sept. 28, 2007) (judgment stating that complaint was dismissed as frivolous and for failure to state a claim).

[2] Section 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

> *Bridgestone/Firestone*, No. 05-4451, 217 F. App'x 498, 502 (6th Cir.
> 2007) (internal quotation marks and citation omitted).

*Oliver v. FCA US LLC*, No. 19-CV-11738, 2021 WL 1614398, at *2 (E.D. Mich. Apr. 26, 2021).

In the present case, defendants are not at risk of suffering "plain legal prejudice" if, as plaintiff proposes, the complaint is dismissed with prejudice. As the Second Circuit has noted, when the complaint is dismissed with prejudice, defendants "ha[ve] been freed of the risk of relitigation of the issues just as if the case had been adjudicated in [their] favor after a trial." *Colombrito v. Kelly*, 764 F.2d 122, 134 (2d Cir. 1985). Defendants need no additional security to protect them from prejudice.

While defendants are understandably dismayed that plaintiff put them to the trouble and expense of defending a questionable lawsuit, defendants cite no authority suggesting that the Court may condition the voluntary dismissal of the complaint on a finding that the complaint is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). As plaintiff's complaint is not frivolous on its face, the Court could reach the conclusion defendants request only if the facts were presented on summary judgment or at trial and the Court were to determine, upon reviewing the record, that plaintiff's claims lacked any factual basis. The Court is unaware of any authority indicating that it may make such a finding in the context of deciding a motion for voluntary dismissal.

Even if the Court could condition the dismissal of plaintiff's complaint on a finding that the complaint is frivolous, this would not saddle plaintiff with the "third strike" defendants seek. Under § 1915(g), it is only "an action or appeal . . . that was dismissed on the grounds that it is frivolous . . . " that counts as a "strike." In the present case, the complaint is being dismissed pursuant to plaintiff's motion for voluntary dismissal, not on the grounds that the complaint is

3

frivolous.

For these reasons, the Court concludes that defendants are adequately protected by a dismissal of the complaint with prejudice. The additional condition defendants request cannot be granted under Fed. R. Civ. P. 41(a)(2). Accordingly,

IT IS ORDERED that plaintiff's motion for voluntary dismissal is granted. The dismissal is with prejudice.

Dated: July 9, 2021
Detroit, Michigan

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 9, 2021.

Dorian Trevor Sykes #31185-039
COLEMAN II U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1034
COLEMAN, FL 33521

s/Johnetta M. Curry-Williams
Case Manager